IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WEBSTER L. STAYATHOME, | § | |
| | § | |
| Defendant Below, | § | No. 350, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1109017888 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 9, 2014
Decided: January 12, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 12th day of January 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Webster Stayathome, filed this appeal from the Superior Court's June 6, 2014 order sentencing him for his violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Stayathome's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, on February 8, 2012, a New Castle County jury found Stayathome guilty of Robbery in the Second Degree and Resisting Arrest. Effective September 23, 2011, Stayathome was sentenced as follows: (i) for Robbery in the Second Degree, five years of Level V incarceration, suspended after one year for four years of Level IV Halfway House, suspended after six months for two years of Level III probation; and (ii) for Resisting Arrest, one year of Level V incarceration, suspended for one year of Level II probation. Stayathome's sentence included a zero tolerance for substance abuse condition. Stayathome did not appeal.

(3) On November 29, 2012, a warrant was filed for Stayathome's first VOP. After a VOP hearing on January 2, 2013, the Superior Court found that Stayathome had violated his probation. The Superior Court sentenced Stayathome for this VOP as follows: (i) for Robbery in the Second Degree, four years of Level V Boot Camp, to be suspended upon successful completion of Boot Camp for two years of Level III probation; and (ii) for Resisting Arrest, one year of Level V incarceration, suspended for one year of Level II probation. Stayathome did not appeal this order.

(4) On August 16, 2013, another warrant was filed for Stayathome's VOP. After a VOP hearing on August 28, 2013, the Superior Court found that Stayathome had violated his probation. The Superior Court sentenced Stayathome

2

for this VOP as follows: (i) for Robbery in the Second Degree, three years and six months of Level V incarceration, suspended after thirty days of Level IV Boot Camp Tune-Up for eighteen months of Level III probation; and (ii) for Resisting Arrest, one year of Level V incarceration, suspended for one year of Level II probation. Stayathome did not appeal this order.

(5) On October 7, 2013, another warrant was filed for Stayathome's VOP. After a VOP hearing on November 27, 2013, the Superior Court found that Stayathome had not violated his probation. The Superior Court dismissed the VOP charges.

(6) On January 8, 2014, another warrant was filed for Stayathome's VOP. Stayathome had missed scheduled visits with his probation officer and violated his curfew. A VOP hearing was held in Sussex County (where other charges against Stayathome were pending) on June 6, 2014. The transcript of the June 6, 2014 hearing reflects that the State entered a *nolle prosequi* on burglary and other charges pending against Stayathome in Sussex County with the understanding that Stayathome conceded his VOP. Stayathome, who was represented by counsel, admitted that he violated his probation.

(7) The Superior Court sentenced Stayathome for this VOP as follows: (i) for Robbery in the Second Degree, four years and nine months of Level V incarceration, suspended after successful completion of the Level V Key program

3

for one year of Level IV Residential Substance Abuse Treatment, suspended after successful completion for eighteen months of Level III Aftercare; and (ii) for Resisting Arrest, one year of Level V incarceration, suspended for one year of Level II probation. The Superior Court subsequently corrected the sentence for Robbery in the Second Degree to two years and eleven months of Level V incarceration, suspended after successful completion of the Level V Key program for one year of Level IV Residential Substance Abuse Treatment Program, suspended after successful completion for eighteen months of Level III Aftercare. This appeal followed.

(8) On appeal, Stayathome claims that his sentence was excessive for technical probation violations, the Sussex County Superior Court judge was biased and exhibited a closed mind, and that his VOP should have been decided by a New Castle County judge, not a Sussex County judge. This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2] Once Stayathome committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Stayathome's sentence.[3]

---

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4

(9) As of August 28, 2013, Stayathome was sentenced to a total of four years and six months of Level V incarceration - three years and six months of Level V incarceration for Robbery in the Second Degree (suspended after thirty days of Level IV Boot Camp Tune-Up for eighteen months of Level III probation) and one year of Level V incarceration for Resisting Arrest (suspended for one year of Level II probation). After the correction of the June 6, 2014 sentencing order, Stayathome was sentenced to a total of three years and eleven months of Level V incarceration - two years and eleven months of Level V incarceration for Robbery in the Second Degree (suspended after successful completion of the Level V Key program for decreasing levels of supervision) and one year of Level V incarceration for Resisting Arrest (suspended for one year of Level II probation). This sentence did not exceed the amount of Level V time previously imposed and was within statutory limits.

(10) If the sentence is within statutory limits, the sentence will not be disturbed on appeal unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[4] Stayathome claims the Superior Court judge was biased and exhibited a closed mind because he sentenced Stayathome based upon the charges that were dismissed by *nolle prosequi*.

---

[4] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

5

(11) The transcript of the VOP hearing does not support Stayathome's contentions. A judge sentences a defendant with a closed mind when the sentence is based upon a preconceived bias rather than consideration of the nature of the offense and the character of the defendant.[5] In this case, the Superior Court judge listened to the arguments of the State, Stayathome's counsel, and Stayathome. Stayathome admitted that he had violated his probation and had an extensive criminal history in Delaware. The Superior Court did not abuse its discretion in finding Stayathome had violated his probation and sentencing Stayathome for his VOP.

(12) As to Stayathome's claim that the New Castle County judge who handled his previous VOPs should have handled his VOP instead of a Sussex County judge, Stayathome did not raise this claim at the June 6, 2014 hearing so we will review for plain error.[6] The transcript of the June 6, 2014 hearing reflects that the Sussex County judge spoke to the New Castle County judge and handled the matter to expedite processing of the VOP case and the Sussex County charges. The VOP case remained a New Castle County case. Stayathome and his counsel did not object to the Sussex County judge deciding his VOP or request that that the New Castle County judge decide his VOP. A defendant has no right to have the

---

[5] *Id.* at 746.

[6] Supr. Ct. R. 8.

6

same judge decide every matter in his case, and the fact that a defendant commits multiple violations of his probation does not somehow earn him the right of being able to demand that the same judge handle all of the hearings that his own misconduct required. Under these circumstances, we conclude there was no plain error.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J Holland_
Justice